# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2017

Lyle W. Cayce
Clerk

No. 16-11703
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH IGNACIO ROJAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-140-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joseph Ignacio Rojas appeals his sentence for conspiracy to possess with intent to distribute a controlled substance. He challenges the enhancements to his offense level for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1) and his aggravated role in the offense under U.S.S.G. § 3B1.1(c). We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Trujillo*, 502 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

353, 356 (5th Cir. 2007).  There is no clear error if a finding is "plausible in light of the record as a whole."  *Id.*

First, Rojas contends that the district court clearly erred by finding that he possessed a dangerous weapon.  The court imposed the enhancement because Rojas's supplier saw him with a firearm, a loaded handgun was found in his bedroom next to a safe containing $27,104 in drug proceeds, and drug paraphernalia was found in other rooms of his house.  Rojas questions the credibility of his supplier but offers no facts to contradict the case agents' determination that the account was reliable.

Rojas also emphasizes that no drugs were found in his bedroom, where the gun was recovered.  The Government may prove that a defendant possessed a firearm under § 2D1.1(b)(1) "by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant."  *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (internal quotation marks and citation omitted).  To satisfy this standard, the Government generally presents "evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred."  *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991).  The presence of drug paraphernalia and the proceeds of drug sales in several rooms of Rojas's house, along with the firearm's location near a large sum of drug proceeds, supports a reasonable inference the handgun was accessible to Rojas to protect his drug trafficking activities.  *See id.*; *United States v. McKeever*, 906 F.2d 129, 134 (5th Cir. 1990).

To the extent Rojas also relies on his common law wife's testimony that she was the owner of the gun and it was in her possession, we give due regard to the district court's finding that the testimony was not credible.  *See Trujillo*, 502 F.3d at 356.  Accordingly, the district court's finding that Rojas possessed

No. 16-11703

a firearm was plausible in light of the record as a whole, and there was no clear error. *See id.*

Next, Rojas asserts that the district court erred in finding that he was a leader or organizer under § 3B1.1(c).  Relevant factors include the defendant's "exercise of decision making authority, the nature of participation in the commission of the offense, . . . and the degree of control and authority exercised over others." § 3B1.1 comment. (n.4). Rojas contends that the presentence report (PSR) lacked specific facts showing that he exercised control over his co-conspirator.  Citing no evidence, Rojas alleges that the two were roughly equal in culpability.

The district court was entitled to rely on the PSR.  *See United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002).  It contained specific facts showing that Rojas was the person who obtained the methamphetamine from the supplier and communicated with buyers; that Rojas used his co-conspirator's home for storage and distribution of drugs after police searched the home where Rojas had been selling drugs; and the co-conspirator worked for Rojas, retrieving drugs for him so that Rojas could provide the drugs to buyers.  We find no clear error, as the court's finding that Rojas was a leader or organizer was plausible in light of the record as a whole.  *See* § 3B1.1 comment. (n.4); *Trujillo*, 502 F.3d at 356.

AFFIRMED.

3